IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RASHEIDA SAMONE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-026 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Rasheida Samone Bell appeals the decision of the Acting Commissioner of Social Security denying her application for Child Insurance Benefits ("CIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

## I.     BACKGROUND

Plaintiff applied for CIB and SSI on April 11, 2013, alleging a disability onset date of January 1, 2000. Tr. ("R."), pp. 86, 197. Plaintiff was six years old at her alleged disability onset date and twenty-three years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 94, 197.

Plaintiff applied for benefits based on allegations of a learning disability.  R. 201.

Plaintiff graduated from high school in 2013 with a special education diploma.  R. 322.

Plaintiff has never worked.  R. 93, 322.

The Social Security Administration denied Plaintiff's application initially, R. 99-105, and

on reconsideration, R. 110-15.  Plaintiff requested a hearing before an ALJ, R. 121-24, and the

ALJ held a hearing on September 11, 2015, R. 15-34.  The ALJ heard testimony from Plaintiff,

who was not represented by counsel, as well as from Plaintiff's mother.  Id.  On March 2, 2016,

the ALJ issued an unfavorable decision.  R. 83-98.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ

found:

1. The claimant has not engaged in substantial gainful activity since January 1, 2000, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairment:  borderline intellectual functioning (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant is able to meet the basic mental demands of competitive, remunerative, unskilled work, including the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervising, coworkers, and usual work situations; and to deal with changes in a routine work setting.

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).  Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2000,

through March 2, 2016 (the date of the ALJ's decision) (20 C.F.R.
§§ 404.1520(g) and 416.920(g)).

R. 88-94.

When the Appeals Council denied Plaintiff's request for review, R. 7-11, the

Commissioner's decision became "final" for the purpose of judicial review.  42 U.S.C. § 405(g).

Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.

Plaintiff argues the Commissioner's decision is not supported by substantial evidence

because the ALJ failed to: (1) properly evaluate Plaintiff's credibility; (2) take testimony from a

vocational expert instead of relying on the Medical-Vocational Guidelines; (3) find Plaintiff's

impairment met or equaled Listing 12.05C; (4) and properly determine Plaintiff's RFC.  Pl.'s

Br., doc. no. 12.   The Commissioner maintains the decision to deny Plaintiff benefits is

supported by substantial evidence and should therefore be affirmed.  Comm'r's Br., doc. no. 17.

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions:

(1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether

the Commissioner applied the correct legal standards.  Lewis v. Callahan, 125 F.3d 1436, 1439

(11th Cir. 1997).   When considering whether the Commissioner's decision is supported by

substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence,

or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211

(11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding

this measure of deference, the Court remains obligated to scrutinize the whole record to

determine whether substantial evidence supports each essential administrative finding.

Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence

to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is

"more than a scintilla, but less than a preponderance:  '[i]t is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion.'"  Martin v. Sullivan, 894

F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds

substantial evidence exists to support the Commissioner's factual findings, it must uphold the

Commissioner even if the evidence preponderates in favor of the claimant.  Crawford v. Comm'r

of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).  Finally, the Commissioner's findings of

fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence

and disregards other contrary evidence is not based upon substantial evidence.  McCruter v.

Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her

conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233,

1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not

subject to substantial evidence standard).  If the Commissioner fails either to apply correct legal

standards or to provide the reviewing court with the means to determine whether correct legal

standards were in fact applied, the Court must reverse the decision.  Wiggins v. Schweiker, 679

F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

Plaintiff argues the ALJ's RFC is not based on substantial evidence because he failed to

specify the weight given to consultative examiner Dr. Audrey Courtney and articulate the

reasons for discrediting her opinion regarding Plaintiff's limitations.  Pl.'s Br., pp. 16-17.

Furthermore, Plaintiff argues the ALJ's credibility determination for Plaintiff is not based on

substantial evidence because the ALJ found Plaintiff failed to attend a post-hearing

psychological consultative evaluation and weighed her failure heavily against her credibility when Plaintiff did, in fact, attend the evaluation. Id. at 5, n.1. For the reasons stated below, the Court concludes the case should be remanded.

### A.     The ALJ's RFC Is Not Supported by Substantial Evidence

#### 1.     Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(e). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012).

Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining whether a claimant can return to his past relevant work, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

### 2.    Assigning Weight to Medical Opinions

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).   In particular, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists.  See 20 C.F.R. §§ 404.1527(c)(1)-(2), (5).   However, Social Security Ruling ("SSR") 96-6p provides that findings of fact made by state agency medical consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review.  SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996).

As a general rule, the opinion of a one-time examiner is not entitled to great weight. Stone v. Commissioner of Soc. Sec., 544 F. App'x 839, 842 (11th Cir. 2013); Crawford v. Commissioner of Soc. Sec., 363 F.3d 1155, 1160-61 (11th Cir. 2004).  The law is clear, "The ALJ does not have to defer to the opinion of a physician who conducted a single examination, and who was not a treating physician."  Stone, 544 F. App'x at 842 (citing McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987)).  However, as part of the duty to develop a full and fair record, the ALJ must "make clear the weight accorded to the various testimony considered."

Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). In the absence of a statement from the ALJ concerning the weight given to different medical opinions and the reasons for assigning such weight, the reviewing court will be unable to determine whether the decision is supported by substantial evidence. Winschel v. Commissioner of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011).

> **3.      The Court Cannot Determine Whether the ALJ's Decision Is Supported by Substantial Evidence Because He Failed to Explain Why He Discounted Limitations Contained in Dr. Courtney's Opinion**

Plaintiff argues the RFC is not supported by substantial evidence because the ALJ failed to specify the weight given to Dr. Courtney's opinions and articulate the reasons for discrediting her opinions as to Plaintiff's limitations. Pl.'s Br., pp. 16-17.

Here, the ALJ determined Plaintiff has the ability to perform the following:

> a full range of work at all exertional levels but with the following non-exertional limitations: the claimant is able to meet the basic mental demands of competitive, remunerative, unskilled work, including the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervising, coworkers, and usual work situations; and to deal with changes in a routine work setting.

R. 90.

The ALJ thoroughly discussed Dr. Courtney's report and opinions in his decision. R. 91-92. Dr. Courtney diagnosed Petitioner with mild intellectual disability and opined Plaintiff would have "significant difficulty understanding and remembering simple and detailed instructions." Id.; R. 325. Dr. Courtney stated Plaintiff would have difficulty interacting appropriately with coworkers, supervisors and the general public due to her inexperience in social situations and immaturity. R. 92, 325. Dr. Courtney completed a medical source statement indicating Plaintiff has moderate limitations carrying out simple instructions but

marked limitations understanding and remembering simple and complex instructions, making judgment on simple and complex work-related decision, and carrying out complex instructions. R. 92, 326. Dr. Courtney also stated Plaintiff would have moderate limitations interacting appropriately with the public, coworkers, and supervisors and responding appropriately to usual work situations and changes in routine work settings. R. 92, 327. The ALJ did not give an explicit weight to Dr. Courtney's opinions or compare it with the rest of the medical evidence.

Dr. Courtney's opinion Plaintiff would have "significant difficulty" understanding and remembering simple instructions and difficulty interacting with coworkers, supervisors, and the general public is contradicted by the ALJ's RFC, which states Plaintiff has the ability to understand, carry out, and remember simple instructions and respond appropriately to supervisors and coworkers. Nevertheless, the ALJ provides no explanation or basis for discounting Dr. Courtney's opinion. Because the ALJ failed to specify the weight given to Dr. Courtney's opinion or articulate the reasons for discrediting his opinion, the Court cannot determine whether ALJ's RFC is supported by substantial evidence. Turner v. Comm'r of Soc. Sec., No. 6:12-cv-937-Orl-GJK, 2013 WL 5330430, at *4 (M.D. Fla. Sept. 23, 2013) (holding ALJ's failure to weigh opinion contradicted by RFC was not harmless).

In spite of the ALJ's omission, Defendant argues the ALJ's detailed review of the evidence, which included Dr. Courtney's opinions, was sufficient to show the ALJ considered Dr. Courtney's opinions and to allow the Court to meaningfully review of the ALJ's decision. Comm'r's Br. pp. 8-9. Dr. Courtney's opinions regarding Plaintiff's limitations were directly contradictory to the limitations included in the RFC. At no point does the ALJ attempt to justify discounting Dr. Courtney's opinion by comparing it to the objective evidence on record or the other examiner's medical opinions. The ALJ simply does not offer any explanation for why the

more severe limitations included in Dr. Courtney's opinion were not included in the RFC.  The

Court has only the ALJ's neutral recitation of Dr. Courtney's medical opinion and no indication

what, if any, consideration the ALJ gave Dr. Courtney's opinion in determining Plaintiff's RFC.

Thus, despite Defendant's argument to the contrary, the ALJ's review of the evidence is not

sufficient for this court to meaningfully review the ALJ's decision.  Accordingly, the case should

be remanded.

### B.      The ALJ's Credibility Analysis Is Not Supported by Substantial Evidence.

Additionally, Plaintiff argues the ALJ erred in assessing Plaintiff's credibility.  Pl.'s Br.

p. 5.  In relevant part, the ALJ made the following determination regarding the credibility of

Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the
> claimant's medically determinable impairment could reasonably be expected to
> cause the alleged symptoms; however, the claimant's statements concerning the
> intensity, persistence and limiting effects of these symptoms are not entirely
> credible for the reasons explained in this decision. . . .
>
> The Administrative Law Judge ordered a post-hearing psychological consultative
> examination, but the claimant failed to attend. This weighs heavily against the
> claimant's credibility

R. 91-92.

### 1.      The Standard for Evaluating Subjective Complaints

The Eleventh Circuit has established a three-part standard for evaluating a claimant's

subjective complaints.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  Under the

Eleventh Circuit's standard, Plaintiff must show:  (1) evidence of an underlying medical

condition, and either (2) objective medical evidence that confirms the severity of the alleged

symptoms or the restriction arising therefrom, or (3) that the objectively determined medical

condition is such that it can reasonably be expected to give rise to the claimed restriction.  Id.

When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4)).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[1] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

### 2. The ALJ's Credibility Determination Is Not Based On Substantial Evidence.

As stated above, Plaintiff argues the ALJ's credibility determination is not based on substantial evidence because the ALJ erroneously weighed Plaintiff's failure to attend a post-

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

hearing psychological consultative evaluation heavily against her credibility when Plaintiff did, in fact, attend the evaluation.  Pl.'s Br., p. 5, n.1.

In making a credibility determination, ALJ "must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms."  Dyer, 395 F.3d at 1210 (quoting Foote, 67 F.3d at 1651-62).   Here, the ALJ made an explicit credibility finding based, at least in part, on Plaintiff's supposed failure to attend a post-hearing psychological consultative examination after he ordered her to do so.  R. 92.

At the September 11, 2015 hearing, the ALJ told Plaintiff he was "going to send [her] to get a psychological examination" and hold her the agency would "notify [her] of the time and the place . . . ."  R. 33.  On December 19, 2015, Dr. Courtney performed a three-hour psychological evaluation of Plaintiff and noted Plaintiff was "referred for evaluation by Social Security Disability."  R. 321.  Dr. Courtney performed a clinical interview, Wechsler Adult Intelligence Scale test, Wide Range Achievement Test, Bender Motor Gestalt Test, and Rey-15 Screen for Memory Malingering.  Id.  Dr. Courtney also completed a Medical Source Statement of Ability to do Work-Related Activities (Mental) for Plaintiff.  R. 326-28.  Needless to say, Plaintiff attended the examination in person, driven there by her mother.  R. 321.

Thus, the ALJ's finding that Plaintiff failed to attend the examination as ordered is without a factual basis.  It is difficult to understand how the ALJ determined Plaintiff did not attend the examination, as he specifically cited Dr. Courtney's report, Exhibit 2F, three times in his decision.  R. 92.  As the ALJ did not make any other explicit findings regarding Plaintiff's credibility or specifically compare her subjective complaints to the medical objective evidence, the Court cannot determine whether the ALJ's credibility determination is otherwise supported by substantial evidence.  Thus, because the ALJ relied on incorrect information as his basis for

11

determining Plaintiff's subjective complaints were not credible, the ALJ's decision is not supported by substantial evidence.

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability applications, but the Court cannot conclude the decision as reported by the ALJ is supported by substantial evidence. As such, remand is warranted.  The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 25th day of June, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA